IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ALICIA ARMSTRONG | : | CIVIL ACTION |
|---|---|---|
| Petitioner, | : | NO. 12-2367 |
| v. | : | |
| RHODA WINSTEAD, et al. | : | |
| Respondents. | : | |

# ORDER

AND NOW, this 19th day of February, 2013, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Dkt. No. 1), the Response thereto (Dkt. No. 7), and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey dated October 31, 2012 (Dkt. No. 9), and Petitioner's Objections thereto (Dkt. No. 11), IT IS HEREBY ORDERED that:

1. Petitioner's Objections are OVERRULED and the Report and Recommendation is APPROVED and ADOPTED.[1]

---

[1] Petitioner objects to the Magistrate Judge's recommendation that the state court adjudications of her claims of ineffective assistance of counsel related to her guilty plea colloquy (grounds four, five and six) did not unreasonably apply the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). However, Magistrate Judge Hey's recommendation — that the state courts reasonably applied *Strickland* in determining after a full evidentiary hearing that counsel was not ineffective in the context of the open guilty plea — is fully supported by the state court record. Magistrate Judge Hey also correctly recommends that the state courts' factual findings were entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1) and that Petitioner did not overcome this presumption with clear and convincing evidence. Accordingly, Petitioner's objections, which largely challenge the Magistrate Judge's reliance on the state courts' factual determinations, are meritless.

Petitioner next raises an objection to the Magistrate Judge's recommendation that the state courts' adjudication of her claim of ineffective assistance for failing to investigate or prepare a defense (ground one) did not unreasonably apply *Strickland*. Magistrate Judge Hey recommends that the state courts reasonably applied *Strickland* in determining that counsel adequately investigated the possible defenses presented by the evidence. The state court findings

2. The Petition for Writ of Habeas Corpus is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. DARNELL JONES, II      J.

---

were based upon trial counsel's testimony at the state evidentiary hearing that he: (1) arranged for Petitioner to undergo an evaluation for a possible insanity or diminished capacity defense, and (2) discussed with her a possible self-defense theory. This Court finds that the recommendation is fully supported by the record and accordingly, overrules the Objection.

Petitioner next objects to the Magistrate Judge's recommendation that the state court adjudications of her claim of ineffective assistance of counsel for failing to communicate a negotiated plea offer to Petitioner (ground two) did not unreasonably apply *Strickland*. Magistrate Judge Hey correctly recommends that the state courts' factual finding, that no such plea offer was ever made by the Commonwealth, is also entitled to the presumption of correctness under § 2254(e)(1). Accordingly, Petitioner's objection to ground 2, which challenges the Magistrate Judge's reliance on the state courts' factual determination, is also meritless.

Petitioner's objection to the recommendation on her claim of ineffective assistance of counsel for failing to inform her that a "deadly weapon" enhancement applied to her crime (ground three), also challenges the Magistrate Judge's reliance upon state court fact-finding, namely that Petitioner was told by counsel of the existence of the enhancement prior to her decision to enter her open guilty plea. This Court overrules this objection as well since Petitioner does not show by clear and convincing evidence that the state court findings are erroneous.

Finally, this Court overrules Petitioner's objections to the Magistrate Judge's recommendation that her claim of trial court error in accepting her guilty plea (ground eight) was procedurally defaulted. Magistrate Judge Hey recommends that the claim is essentially identical to the layered ineffective assistance of counsel claim Petitioner raised for the first time on PCRA appeal, which the Pennsylvania Superior Court found was waived because it should have been raised on direct appeal. She thus recommends that the waived claim was procedurally defaulted with no showing of cause and prejudice or a fundamental miscarriage of justice. Petitioner objects, arguing that she "was as diligent as possible in raising this claim at her first available oppurtunity [sic], i.e. her State PCRA petition." (Objections at 7.) The objection lacks merit because Petitioner does not offer any arguable basis for excusing the default.